# IN THE SUPERIOR COURT OF GUAM

MASUMI FUJIMOTO,

           Plaintiff,

v.

JIM ROBERT SIMPSON,

           Defendant.

DOMESTIC CASE NO. DM0009-12

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the HONORABLE ARTHUR R. BARCINAS on the 19th day of January, 2012, upon review after assignment. Attorney Ron Moroni represented the Plaintiff, and the Defendant has not yet been served nor made an appearance. The Court now issues the following Decision and Order on the matter.

## DISCUSSION

The issue of personal jurisdiction arises in this case because the Plaintiff has moved for an Order Allowing Service by Publication.

### A) Divorce Jurisdictional Issues

**1) Deficiency of Underlying Declaration in Support of Motion for Order Allowing Service by Publication**

Rule 4(e) of the Guam Rules of Civil Procedure requires that a person against whom an action is filed must be served in person, or at his residence by leaving it with a household member of suitable age, or by serving the person's agent. GRCP Rule 4(e)(2012). Personal service under Rule 4 must be made within 180 days of the filing, but may be extended by the Court for good cause. GRCP Rule 4(m)(2012). In the alternative, GRCP Rule 4(e)(1) also allows the service to

be had by any other means authorized by the laws of Guam.

The version of GRCP Rule 4 which is currently in effect only allows for service through publication and mailing as allowed by statute or court order. GRCP Rule 4(o)(2012). 7 GCA § 14106 is the controlling statute, and specifically allows for service by publication and mailing instead of personal service under GRCP Rule 4(e)(1), when an application is made to the Court upon a verified affidavit (or declaration, *see* 6 GCA § 4308) swearing both that the person "has departed from Guam" and "a cause of action exists against the defendant." 7 GCA § 14106 (2012). It states in relevant part:

> (a) *Where the person on whom service is to be made has departed from Guam, and cannot, after due diligence, be found in Guam*, or conceals himself to avoid the service of summons . . . *and the fact appears by affidavit* to the satisfaction of the court, or a judge thereof, *and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant* in respect to whom the service is to be made . . . such court or judge may make an order that the service be made by the publication of the summons and by mailing the complaint and summons. (b) Service by mail shall be by any kind of U.S. Postal Service delivery that provides for written proof of mailing, written proof of delivery and restricted delivery to the addressee only.

Title 7 GCA § 14106 (emphases added).

Most importantly for this Court's analysis, service by publication and mailing under 7 GCA §14106, in lieu of personal service under GRCP Rule 4(e), first requires an "affidavit" or "verified complaint" swearing, or declaring under penalty of perjury, that the Defendant "has departed from Guam" AND "cannot . . . be found in Guam," OR that the Defendant has concealed himself/herself "to avoid the service of summons . . . ." 7 GCA §14106.

In this case, the Order Allowing Service by Publication was unsupported and therefore, invalid, on two bases: 1) the declaration did not contain the statements required under 7 GCA

§14106; and 2) the declaration and verified complaint in this case failed to establish the existence of the Court's jurisdiction over the Defendant.

Regarding the Defendant's "depart[ure]" from Guam, the Declaration of the Plaintiff simply contains a recitation of the language of the statute, without supporting facts, stating, "Defendant has departed from Guam, and cannot after due diligence be found in Guam." Fujimoto v. Simpson, Domestic Case No. DM0009-12, Decl. of Masumi Fujimoto in Support of Motion for Order Allowing Service by Publication, ¶ 2 (filed January 5, 2012). No factual allegations that the Defendant has ever resided in Guam, and thus, would ever have been subject to service in Guam are made. The Court finds the mere recitation of the language of the statute in a declaration to be inadequate to support the issuance of an order for publication and posting under 7 GCA § 14106.

Regarding the Defendant's "concealment" from service, Plaintiff's declaration is silent, and instead, states that "Defendant JIM ROBERT SIMPSON does not reside in the territory of Guam, but is believed to be presently residing in Thailand. Id. Service by publication and mailing is not to be lightly granted, nor lightly treated under 7 GCA § 14106, as it is effective only in the alternative that personal service pursuant to GRCP Rule 4(e) or (f) cannot be made. GRCP Rule 4(e)(1) and (f). In this case, if the Defendant has not concealed himself and is residing in Thailand, then service under GRCP Rule 4(f) would need to be attempted prior to the allowance of publication and mailing.

The Plaintiff's declaration fails to allege the minimum requirements for the issuance of an order for service by publication and mailing. The declaration neither declares that the Defendant has ever resided in Guam, nor that the Defendant has ever concealed himself to avoid

service under GRCP Rule 4(e) or (f). A declaration that a person "does not reside" in Guam does not satisfy the requirements of 7 GCA § 14106. Plaintiff's declaration further fails to allege that personal service pursuant to GRCP Rule 4(e) or (f) was attempted or was not possible in this case.

The Plaintiff's declaration in support of service by publication and mailing is further deficient under 7 GCA § 14106 for lack of allegations of jurisdiction over the Defendant. In order for the Court to properly allow service by publication and mailing, it has to appear from either the complaint or the declaration in support of service by publication and mailing that a cause of action which may be brought in the Superior Court of Guam exists against the Defendant. Although the declaration of the Plaintiff states that she believes "[a] valid cause of action for divorce has been stated in the complaint on file herein, against the Defendant," the complaint itself fails to factually allege that a jurisdictional cause of action exists against the Defendant. Fujimoto, Decl. of Masumi Fujimoto in Support of Motion for Order Allowing Service by Publication, ¶ 3 (filed January 5, 2012).

GRCP Rule 8(a)(1), entitled "General Rules of Pleading," requires every complaint to set forth all jurisdictional bases for the claims contained therein, stating, "(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." GRCP Rule 8(a)(1). The complaint for dissolution is utterly devoid of any allegations as to the Superior Court of Guam's jurisdiction over the Defendant, thus failing to meet the minimum requirement of GRCP Rule 8.

Accordingly, the declaration and the verified complaint fail to establish the Court's jurisdiction over the Defendant as required under 7 GCA 14106 and GRCP Rule 8(a). The

Plaintiff's Motion for Order Allowing Service by Publication is therefore DENIED.

**2) No Residency or Consent**

The verified Complaint for Dissolution of Marriage also fails to meet the minimum jurisdictional requirement of 19 GCA § 8319, by failing to plead and prove the residency of the Defendant. "Residency must be pled and proved in all divorces or other actions for dissolutions of marriage to which the defendant does not consent." 19 GCA §8319(a) (2012). More importantly, "[i]n actions for dissolution of marriage, neither the domicile nor residence of the husband shall be deemed to be the domicile or residence of the wife. *For the purposes of such an action, each may have a separate domicile or residence depending upon proof of the fact and not upon legal presumptions.*" 19 GCA §8319(a) (emphasis added).

The verified Complaint for Dissolution of Marriage is conspicuously silent in this regard. The complaint merely claims that the Court has jurisdiction over this action because the Plaintiff is a resident of Guam under 19 GCA § 8318. This allegation is unfounded and unsupported by law or fact. This allegation further ignores the residency requirement of the very next statute, 19 GCA § 8319. Defendant's residency is not plead as required under 19 GCA § 8319(a) and GRCP Rule 8(a)(1), and the Court cannot presume his residency in Guam under 19 GCA § 8319(a).

The Plaintiff's complaint further fails to plead consent. 19 GCA § 8319(b) states:

> All consents to a divorce or dissolution of marriage must be acknowledged or verified before a notary public or other officer authorized to administer oaths within the United States if signed in the United States, acknowledged or verified before a consular officer of the United States or other United States official authorized to take oaths if signed outside the United States, or have a notarized acknowledgement or verification by a foreign notary which is authenticated by a United States consular officer.

19 GCA § 8319(b)(2012).

The Plaintiff's complaint does not contain any allegation that the Defendant has consented to this divorce action. Failing any averment of consent, the Court's file is similarly devoid of any verified or notarized acknowledgment of consent from the Defendant.

The Plaintiff's Complaint for Divorce is conspicuously silent in all regards concerning the personal jurisdiction of the Superior Court of Guam over the Defendant. However, even if the Court disregards the Plaintiff's failure to *plead* jurisdiction, the Plaintiff has omitted the filing of any declaration, affidavit, or other sworn statement containing admissible evidence *proving* personal jurisdiction over the Defendant. Plaintiff neither pleads nor proves that the Defendant was a resident of Guam, nor that the Defendant has consented to the divorce. The requirement of either consent or proof of residency of a defendant in a divorce case initiated in Guam is not merely a formality, but rather, an extremely important safeguard.

In the case of Rinehart v. Rinehart, 2000 Guam 14, the Supreme Court of Guam expressed concerns regarding abuse of the Guam legal system by resident spouses against non-resident spouses due to "Guam's distance from the continental United States" which it found, creates an opportunity "in which on-island spouses could tamper with the legal rights of off-island spouses." Id. at ¶18. Validating the Supreme Court of Guam's concern, and in violation of the statutory safeguards set by 19 GCA § 8319, the Plaintiff has entirely failed to provide the Court with any admissible evidence that the Defendant was either a resident of Guam or has consented to this divorce action. The Plaintiff fails to even suggest that the requirements of 19 GCA § 8319 have been met, in any document filed.

The Court finds that the Plaintiff has failed his burden to plead and prove the personal jurisdiction of the Superior Court of Guam over the Defendant. Based upon the proof of the facts

provided to the Court, the Court does not yet have personal jurisdiction to hear the action, as the Defendant is not a resident of Guam, and has not consented to this action, unless minimum contacts exist between the Defendant and Guam, by which the Court may exercise personal jurisdiction over him. *See, e.g.*, Mariano v. Surla, 2010 Guam 2, at ¶¶ 23–29.

**3) No Minimum Contacts Under 7 GCA § 14110(4)**

The Court may not exercise jurisdiction over a non-resident, except as permitted by the Organic Act and the United States Constitution. 7 GCA §§ 14109 and 14110(4) (2012). Both 7 GCA §§ 14109 and 14110(4) were adopted directly from California's long-arm statute, codified as California Code of Civil Procedure § 410.10. Under this statute, the Court has jurisdiction over a non-consenting, non-resident defendant in a divorce action only if the plaintiff makes a showing that the defendant has minimum-contacts with the state or territory. Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements, 328 F.3d 1122, 1129 (9th Cir. 2003).

In Harris, the Ninth Circuit determined jurisdiction in a divorce case under the long-arm statute. The language of CCCP § 410.10, required the court to determine whether due process requirements would be met in an assertion of jurisdiction. Citing to International Shoe Co. v. Washington, 326 U.S. 310 (1945), the court held that jurisdiction under CCCP § 410.10 would have to meet the threshold minimum-contacts test of the United States Supreme Court. Harris, 328 F.3d 1122, 1129 (9th Cir. 2003) ("Due process requires that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."). The Ninth Circuit set forth a tri-partite test for minimum contacts: 1) the non-resident defendant must purposefully direct his activities or consummate

some transaction with the forum or resident thereof (or avail himself of the privileges of conducting activities in the forum); 2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and 3) the exercise of jurisdiction must comport with fair play and substantial justice (and be reasonable). Id.

The Supreme Court of Guam has specifically adopted this test regarding personal jurisdiction over non-resident defendants, finding, "the Due Process Clause requires a defendant to have 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Mariano, 2010 Guam 2, ¶ 23 (quoting PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc., 1999 Guam 17 ¶ 17)(internal citations omitted); and Harris Rutsky & Co., 328 F.3d at 1129.

In this case, the Plaintiff has failed to meet any of the three requirements to show that the Defendant has ever had sufficient contact with Guam such that Guam could assert jurisdiction over him. The Plaintiff has failed to allege that the Defendant has ever had any contact with Guam.

Under the minimum-contacts test, the Court abstains from asserting jurisdiction over the Defendant. Accordingly, the Court has no personal jurisdiction over the Defendant at this time, and this case must be dismissed if no amendment to plead and prove jurisdiction over the Defendant is made.

## B) Child Custody Jurisdictional Issues

### 1) Defective Factual Allegations

The Uniform Child Custody and Jurisdiction Enforcement Act (hereinafter UCCJEA) was adopted in Guam as Title 7, Chapter 39 of the Guam Code Annotated. 7 GCA § 39201 provides

four bases for jurisdiction (1) "home" jurisdiction; (2) "significant connection" jurisdiction; (3) emergency jurisdiction; and (4) default jurisdiction. Under 7 GCA § 39201(a) the Superior Court of Guam has jurisdiction over an initial child-custody determination only if:

> (1) Guam is the home State of the child on the date of the commencement of the proceeding, or was the home State of the child within six (6) months before the commencement of the proceeding and the child is absent from Guam but a parent or person acting as a parent continues to live in Guam;
> (2) a court of another State does not have jurisdiction under paragraph (1), or a court of the home State of the child has declined to exercise jurisdiction on the ground that Guam is the more appropriate forum under Section 207 or 208 and:
> > (A) the child and the child's parents, or the child and at least one (1) parent or a person acting as a parent have a significant connection with Guam other than mere physical presence; and
> > (B) substantial evidence is available in Guam concerning the child's care, protection, training, and personal relationships;
> (3) all courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that the Superior Court of Guam is the more appropriate forum to determine the custody of the child under Section 201 or 208; or
> (4) no court of any other State would have jurisdiction under the criteria specified in paragraph (1), (2), or (3).

7 GCA § 39201(a) (2012).

In this case, the Plaintiff has alleged that "Guam was the 'home state' of the minor children on the date of the filing of this proceeding" in the Complaint for Dissolution of Marriage. However, the Plaintiff fails to allege the facts which would underlie such a determination, i.e., that the children have resided in Guam for the past six months, and that another state does not have jurisdiction over the children, as contemplated by the statute.

The Plaintiff's verified Complaint for Dissolution of Marriage is conspicuously and defectively silent in other regards as well. Under 7 GCA § 39209(a), certain information regarding the residence of the children is required to be set forth, under oath, in the initial

complaint or in an affidavit/declaration which is attached to the complaint. In addition to other required factual information concerning any other possible pending child-custody proceedings, this statute requires that the Plaintiff provide the Court with both a list of all the places in which the child has resided during the five years prior to the filing of the complaint, and the name and present address of any person with whom the child has resided during those five years, stating in relevant part:

> Information to be Submitted to Court. (a) Subject to any existing law of Guam providing for the confidentiality of procedures, addresses, and other identifying information, in a child-custody proceeding, each party, in its first pleading or in an attached affidavit, shall give information, if reasonably ascertainable, under oath as to the child's present address or whereabouts, the places where the child has lived during the last five (5) years, and the names and present addresses of the persons with whom the child has lived during that period.

7 GCA § 39209(a) (2012).

The Plaintiff has failed to provide any of this information to the Court, as required by statute. Pursuant to subsection (b) of the statute, "[i]f the information required by Subsection (a) is not furnished, *the court, upon* motion of a party or *its own motion*, may stay the proceeding until the information is furnished." 7 GCA § 39209(b).

**2) Defective Method of Notice**

Perhaps more important than the omission of this required information, under the UCCJEA, notice and an opportunity to be heard must be afforded to any person who may be affected by a child-custody determination under the act pursuant to 7 GCA § 39205(a). This statute states:

> Notice; Opportunity to Be Heard; Joinder. (a) *Before a child-custody determination is made under this Act*, notice and an opportunity to be heard in accordance with the standards of § 108 must be given to all persons entitled to

notice under the laws of Guam as in child-custody proceedings between residents of Guam, any parent whose parental rights have not been previously terminated, and any person having physical custody of the child.

7 GCA § 39205(a) (2012)(emphasis added).

7 GCA § 39108 is entitled "Notice to Persons Outside Guam." It states:

(a) Notice required for the exercise of jurisdiction when a person is outside Guam may be given in a manner prescribed by the laws of Guam for service of process or by the laws of the State in which the service is made. *Notice must be given in a manner reasonably calculated to give actual notice but may be by publication if other means are not effective.* (b) Proof of service may be made in the manner prescribed by the laws of Guam or by the laws of the State in which the service is made.

7 GCA § 39108(a) and (b) (2012)(emphasis added).

The only exception to this designed notice requirement occurs when a party consents to the jurisdiction of the Superior Court, as under subsection (c); "[n]otice is not required for the exercise of jurisdiction with respect to a person who submits to the jurisdiction of the court." 7 GCA § 39108(c). The Defendant has not consented to the jurisdiction of the Court. Therefore, notice to him is required before the Court may make an initial child-custody determination.

Emphasizing this point of law, 7 GCA § 39106 clarifies that even if the Court finds that it has jurisdiction over the child/children and makes a child-custody determination, but service has not been effected on a party, the determination is not binding upon that party. It states:

Effect of Child-Custody Determination. A child-custody determination made by a court of Guam that had jurisdiction under this Act binds all persons who have been served in accordance with the laws of Guam or notified in accordance with subsection 108 or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. As to those persons, the determination is conclusive as to all decided issues of law and fact, except to the extent the determination is modified.

7 GCA § 39106 (2012).

Consequently, so long as the Defendant has not been served, any child-custody determination made by this Court is meaningless. Any such order will have no legal effect, as it appears from the complaint that there are no other parties interested in the custody of the child of this marriage.

As a final consideration for the Court, personal jurisdiction over the Defendant for the purposes of a child-custody determination under the UCCJEA does not constitute jurisdiction over the Defendant for another purpose, such as a divorce proceeding. 7 GCA § 39109 restricts this application, stating:

Appearance and Limited Immunity. (a) A party to a child-custody proceeding, including a modification proceeding, or a petitioner or respondent in a proceeding to enforce or register a child-custody determination, is not subject to personal jurisdiction in Guam for another proceeding or purpose solely by reason of having participated, or of having been physically present for the purpose of participating, in the proceeding.

Accordingly, the Plaintiff is required under GRCP Rule 4 and 7 GCA §§ 39205, 39106, 39108 and 39109 to provide notice to the Defendant for both actions—divorce and child-custody, in a manner which is designed to give the Defendant *actual* notice of the proceedings. If the Defendant is a resident of Thailand, then actual notice must follow the requirements of GRCP Rule 4(f), as no evidence that a waiver has been obtained from the Defendant has been provided by the Plaintiff.

Thailand is not a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, and it is not apparent that it is a party to any treaties or contracts regarding service with the U.S. GRCP Rule 4(f)(1) is not applicable

in such an instance. Therefore, if the allegations of her declaration are true, it appears that the Plaintiff will be required to comply with other subsections of Rule 4(f). Until compliance is shown, the Court will not acquire personal jurisdiction over the Defendant.

**C)      Violation of 19 GCA § 8322 and GR 2.1**

Next, upon review of the complaint, the Court finds that it violates the requirements of 19 GCA § 8322. This statute states in relevant portion:

> Final Decree of Divorce after Six (6) Months Period. When six (6) months have expired after filing of the initial petition or complaint for divorce, and following entry of an interlocutory decree of divorce, the court on motion of either party, or upon its own motion, may enter the final judgment granting the dissolution of marriage, which final judgment shall restore the parties to status as single persons. *This six (6) months waiting period* after the filing of petition or complaint *may be shortened by the Court upon application by either party, upon showing a cause to shorten the time.*

19 GCA § 8322 (2012)(emphases added).

In this case, the Plaintiff has not filed an "application" to shorten such time upon a showing of "cause." Instead, as part of the complaint filed, the Plaintiff has included the statement "Plaintiff asserts that there is a cause to shorten time for the entry of the final decree of dissolution in that the parties are separated and there is no possibility of reconciliation" and based upon this statement, "respectfully requests and prays: . . . V. That the Court finds there is cause to shorten time for the entry of the Final Decree of Dissolution pursuant to 19 GCA § 8322." Fujimoto v. Simpson, Domestic Case No. DM0009-12, Complaint for Dissolution of Marriage, p.3, ¶ 11 (filed January 5, 2012).

Pursuant to Rule 7(b)(1) of the Guam Rules of Civil Procedure, "[a]n application to the court for an order shall be by motion . . . ." GRCP Rule 7(b)(1)(2012). Accordingly, under

GRCP Rule 7(b)(1) and 19 GCA § 8322, the Plaintiff is required to file a *motion* requesting that the final decree of divorce be granted in less than six months, and may not simply include such a request in the complaint for divorce.

Pursuant to Rule 7.1(a) of the Local Rules of the Superior Court of Guam, "the provisions of this rule shall apply to *motions, applications, petitions*, orders to show cause, *and all other proceedings* except a trial on the merits and applications for a temporary restraining order . . . ." CVR 7.1(a)(2012)(emphasis added). This local rule further emphasizes that "applications" to the Court are subject to the rules governing **motions**. Therefore, any application requesting that the Court take action must follow the format prescribed by CVR Rule 7.1.

Under CVR 7.1(b), "[e]very motion shall be presented in writing," and "the moving party must present a motion," which shall be in the format prescribed under CVR 7.1. Pursuant to CVR 7.1( c):

> There shall be served and filed with the motion: (1) a memorandum in support thereof containing the points and authorities upon which the moving parties relies, including citations; and (2) any affidavits or declarations under penalty of perjury sufficient to support any material factual contentions permitted by the Guam Rules of Civil Procedure.

Local Rules of the Superior Court of Guam, CVR Rule 7.1 (c) (2012).

In this case, it is clear that the Plaintiff is attempting to subvert the requirements of 19 GCA § 8322, GRCP Rule 7(b)(1), and CVR Rule 7.1, by including the "request" for shortened time within the complaint, without filing the required written motion containing a memorandum of points and authorities and/or any affidavits/declarations to show cause for the final decree of divorce to be entered prior to the expiration of six months of the date upon which the complaint for divorce was filed. Under CVR 7.1(k), "the failure to comply fully with this Rule subjects the

offender at the discretion of the Court to the sanctions of General Rule 2.1." CVR 7.1(k)(2012).

Under GR 2.1:

> The violation of or failure to conform to any of these General Rules, the Guam Rules of Civil Procedure, or the Local Rules of the Superior Court of Guam – Civil Rules shall subject the offending party or counsel to such penalties, including monetary sanctions and/or the imposition of costs and attorney's fees to opposing counsel, as the Court may deem appropriate under the circumstances.

Local Rules of the Superior Court of Guam GR 2.1 (2012).

Because the Court finds that 19 GCA § 8322 requires the filing of a separate written motion, and additionally, that any "request" for an order must be made by motion which fully complies with the Guam Rules of Civil Procedure and the Local Rules of the Superior Court of Guam, the Court finds that the Plaintiff's request to shorten time is improperly included within the complaint filed by the Plaintiff, and is therefore, STRICKEN.

## CONCLUSION

Based upon the foregoing analysis, the Motion for Order Allowing Service by Publication is DENIED.

Based upon its review of the complaint, as part of the analysis of the motion requesting an Order of Service by Publication, which requires analysis of whether there is a cause of action against the Defendant under 7 GCA § 14106, the Court finds that the Plaintiff has failed to allege jurisdiction over the Defendant and the children of the marriage between the Plaintiff and the Defendant, and the Complaint for Dissolution of Marriage is DISMISSED as to the cause of action for dissolution of marriage, without prejudice, with LEAVE TO AMEND within thirty (30) days of the date of this order, in order to plead and prove the residency of the Defendant as required under 19 GCA §8319 and GRCP Rule 8(a), or to plead and prove facts regarding

minimum contacts of the Defendant sufficient for the Court to acquire long-arm jurisdiction over the Defendant under 7 GCA §§ 14109 and 14110(4) and GRCP Rule 8(a).

Further, the separate, included action for an initial child-custody determination is STAYED for thirty (30) days from the date of this order, pursuant to 7 GCA § 39209(b), in order for the Plaintiff to properly allege facts required pursuant to 7 GCA §§ 39201 and 39209, and to initiate proper service pursuant to 7 GCA §§ 39205 and 39108, and GRCP Rule 4(f). If such information is not provided in an acceptable declaration or affidavit, the action for child-custody will be dismissed. Finally, the portion of the Plaintiff's complaint regarding "shortened time" for the entry of the final decree of dissolution of the marriage is STRICKEN in accordance with 19 GCA § 8322, GRCP Rule 7(b) and CVR Rule 7.1.

**SO ORDERED**, this _____.

**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 0 5 2012

*Valerie D. Tenorio*
Deputy Clerk, Superior Court of Guam

Page 16 of 16